IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RACHEL WALKER,

    Plaintiff,

v.                                Civil Action No. 3:19-cv-761

KROGER LIMITED PARTNERSHIP I D/B/A
KROGER STORE #501, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Rachel Walker's ("Walker") MOTION AND NOTICE FOR ORDER REMANDING ACTION TO STATE COURT (ECF No. 11). For the reasons set forth below, the MOTION AND NOTICE FOR ORDER REMANDING ACTION TO STATE COURT (ECF No. 11) (the "Motion") will be granted, and the case will be remanded to the Circuit Court for the City of Richmond.

**BACKGROUND**

Walker filed the COMPLAINT (ECF No. 1-2) (the "Complaint") in the Circuit Court for the City of Richmond against Kroger Limited Partnership I d/b/a Kroger Store #501 ("Kroger LP"), The Kroger Company d/b/a Kroger Store #501 ("Kroger Co." and, with Kroger LP, "Kroger"), and Shirley Lewis ("Lewis") (collectively, the "Defendants"). Kroger LP and Kroger Co. are Ohio entities. (ECF No. 1-3 ¶¶ 2, 4.) Walker is a citizen of Virginia. (ECF No. 1-2 ¶ 1.) Lewis, a citizen of Virginia, was allegedly the manager of

the Kroger Store #501 (the "Store") when Walker allegedly slipped and fell on a "slick substance" on December 5, 2016. (ECF No. 1-2 ¶¶ 6, 11.) According to Walker, "[b]ecause Lewis was in the scope of her employment at all relevant times, and specifically when she took the negligent actions described herein, Kroger is liable for her negligence." (Id. ¶ 34.)

Walker alleges that she fell because she slipped on water that had leaked from the Store's freezers "on the floor over a significant period of time." (Id. ¶ 20.) She contends that the Store's employees, including Lewis, knew that the freezers frequently leaked and left puddles in the area. (Id. ¶ 15.)

The Complaint asserts one count and alleges that the Defendants were negligent. (Id. ¶¶ 13-42.) More specifically, the Complaint alleges that the Defendants: chose not to purchase slip-resistant materials; had a duty to ensure that the Store was in a "reasonably safe condition"; "knew that the freezer section where Ms. Walker fell was a particularly hazardous area to customers"; "elected not to staff the [Store] with sufficient employees on shift to regularly inspect high-risk areas in the [S]tore for danger"; "failed to have the freezers maintained and fixed in a timely manner, causing the floor in the freezer section to pool with water and create a known danger for Kroger customers"; did not adequately maintain the freezers, "causing them to break down and leak fluid onto the floor, creating a known danger for

Kroger customers"; and "had ample time to repair and/or otherwise remedy the wet floor, or at minimum, place a safety warning in a visible place to patrons who would step in the area." (Id. ¶¶ 18-19, 21-22, 25-30, 37-38.) The Complaint also alleges that Walker "fell and was seriously injured" because of the Defendants' "negligent actions." (Id. ¶¶ 31-32.) In her prayer for relief, Walker requests $750,000 and interest from December 5, 2016. (Id. at 7 (prayer for relief).)

The Defendants removed this action relying on the ground of diversity jurisdiction because Walker is a Virginia citizen and Kroger is an Ohio entity. (ECF No. 1 ¶ 4.) The Defendants contend that, "[a]lthough Defendant Lewis is alleged to be a Virginia resident, her inclusion in this action constitutes fraudulent joinder because there is no possibility that Plaintiff will be able to establish a cause of action against her." (Id.)

The Court dispenses with oral argument because the facts and legal conclusions are adequately presented in the materials and oral argument would not aid in the decisional process. The matter is thus ripe for decision.

### DISCUSSION

"The doctrine of fraudulent joinder permits a district court to assume diversity jurisdiction over an action removed from state court, even if there is a nondiverse defendant at the time of removal, provided that the removing party establishes that the

3

nondiverse defendant has been 'fraudulently joined.'" Ragland v. Dart Container Corp., No. 2:06-cv-199, 2006 WL 2126266, at *2 (E.D. Va. July 24, 2006). "To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)) (internal quotation marks and emphasis omitted). If the removing party makes this showing, a "claim of fraudulent joinder permits the district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants . . . ." Wilson v. Ford, No. 4:15-cv-101, 2016 WL 521530, at *2 (E.D. Va. Feb. 5, 2016) (quoting Weidman v. Exxon Mobile Corp., 774 F.3d 214, 218 (4th Cir. 2015)) (internal quotation marks omitted).

"The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Marshall, 6 F.3d at 232-33 (internal citation omitted). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under

4

Fed. R. Civ. P. 12(b)(6)." Hartley, 187 F.3d at 424. Indeed, "[o]nce the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Id. at 426. Consequently, district "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Id. at 425 (quoting Marshall, 6 F.3d at 232) (internal quotation marks omitted). "Therefore, if a district court cannot say with certainty that the plaintiff has no chance of establishing the facts necessary to support his claim against the nondiverse defendant, and cannot say with certainty that the state court would find plaintiff's claim against the nondiverse defendant barred, then the district court should accept the parties as joined on the face of the plaintiff's complaint and remand the action for lack of diversity jurisdiction." Ragland v. Dart Container Corp., No. 2:06-cv-199, 2006 WL 2126266, at *2 (E.D. Va. July 24, 2006).

In this case, Walker alleges a plausible claim of negligence against Lewis sufficient to provide a "glimmer of hope." Hartley, 187 F.3d at 426. "In cases involving tort liability of an employee to a third person, Virginia's Supreme Court has resolved the question of whether the employee owes a duty to the third person by denominating the employee's alleged act as one of misfeasance or nonfeasance. An employee may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly), but not for his own nonfeasance (i.e., omission to do some act which ought

5

to be performed)." Harris v. Morrison, Inc., 32 Va. Cir. 298, 298-99 (1993) (concluding that "there is no possibility that the plaintiff can recover from [the defendant employee] under the facts as pleaded," given that "personal liability cannot be imposed on [the defendant employee] merely because of . . . the failure to properly perform such duties"); see also Hall v. Walters, No. 3:13-cv-210, 2013 WL 3458256, at *3 (E.D. Va. July 9, 2013) ("In Virginia, an employee who injures a third person is liable to that person only if he or she owes the third person a personal duty, which depends on whether the employee's alleged act is one of misfeasance or nonfeasance.").

Here, Walker has alleged that Lewis, *inter alia*: "chose not to purchase slip resistant materials," (ECF No. 1-2 ¶ 23); "elected not to staff the [Store] with sufficient employees," (id. ¶ 25); "failed to have the freezers maintained and fixed in a timely manner," (id. ¶ 27); and "inadequately maintained the freezers," (id. ¶ 29.) These allegations—*i.e.*, that Lewis elected or chose to act—assert affirmative actions, not omissions to act. If proved, these allegations would support a finding of negligence. The Court cannot say with certainty that Walker has no chance of establishing the facts necessary to support her claim against Lewis or that the state court would dismiss the claim against Lewis. Walker has thus asserted a possibility of a right to relief. See Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir.

6

1993) (internal citation omitted). Consequently, because the Defendants have failed to meet their heavy burden of showing that Walker has no possibility of success and because there have been no allegations of outright fraud in Walker's pleading of jurisdictional facts, the Court concludes that complete diversity does not exist between the parties. The Court lacks subject matter jurisdiction and must remand the case to the Circuit Court for the City of Richmond.[1]

**CONCLUSION**

For the reasons set forth above, Walker's MOTION AND NOTICE FOR ORDER REMANDING ACTION TO STATE COURT (ECF No. 11) will be granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 2, 2020

---

[1] Lewis's MOTION TO DISMISS (ECF No. 8) is still pending. Because this action will be remanded to the Circuit Court for the City of Richmond, the Court will not resolve the pending motion, which is best resolved by the transferee court.